# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number: 03-cr-00067-WYD-01 |
| TOBY WAYNE CUTHAIR | USM Number: 31482-013 |
| | William Herringer, Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 through 7, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Excessive Use of Alcohol | 07/02/10 |
| 2 | Excessive Use of Alcohol | 11/01/10 |

The defendant is sentenced as provided in pages 3 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

March 30, 2011
Date of Imposition of Judgment

s/ Wiley Y. Daniel
Signature of Judge

Wiley Y. Daniel, Chief U.S. District Judge
Name & Title of Judge

April 1, 2011
Date

DEFENDANT:  TOBY WAYNE CUTHAIR
CASE NUMBER:  03-cr-00067-WYD-01                                                   Judgment-Page 2 of 6

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Excessive Use of Alcohol | 11/29/10 |
| 4 | Failure to Report Arrest/Questioning by Law Enforcement Officer | 11/01/10 |
| 5 | Failure to Report Arrest/Questioning by Law Enforcement Officer | 11/29/10 |
| 6 | Violation of the Law (Driving Under the Influence) | 11/1/10 |
| 7 | Violation fo the Law (Liquor Violation) | 01/20/11 |

DEFENDANT:  TOBY WAYNE CUTHAIR
CASE NUMBER:  03-cr-00067-WYD-01                                                   Judgment-Page 3 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of eight (8) months.

The court recommends that the Bureau of Prisons credit the defendant with sixty-seven days time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  TOBY WAYNE CUTHAIR
CASE NUMBER:  03-cr-00067-WYD-01                                                            Judgment-Page 4 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of  DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT:  TOBY WAYNE CUTHAIR
CASE NUMBER:  03-cr-00067-WYD-01                                      Judgment-Page 5 of 6

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and/or treatment for drug and alcohol abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2. The defendant shall not enter or remain on the premises of any business whose principal business activity is the sale and consumption of alcoholic beverages, including but not limited to, liquor stores, bars, saloons, pubs, or any similar entity.

3. The defendant shall participate in a residential inpatient substance abuse treatment program, if available, as directed by the probation officer until the defendant is released from the program by the probation officer.

    If the defendant is accepted to participate in a residential inpatient substance abuse treatment program, the defendant shall reside in a residential re-entry center other than the facility in Durango, Colorado, for a period of up to eight (8) months which will commence immediately upon his release from the inpatient substance abuse treatment program.

    If the defendant is not accepted to participate in a residential inpatient substance abuse treatment program, said residential reentry center placement shall commence immediately upon his release from the custody of the Bureau of Prisons.

    The defendant shall observe the rules of the residential inpatient substance abuse treatment program or residential re-entry center facility in which he is placed.

4. Upon release from the residential reentry center, the defendant shall participate in a remote transdermal alcohol monitoring program, for a period of 180 days, if deemed appropriate by the probation office.  During this time, the defendant shall not consume any alcohol and shall follow the rules and regulations of the monitoring  program.  The defendant shall be responsible for the costs of the monitoring program as directed by the probation officer.